

U.S. Department of Justice

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

July 19, 2006

**FILED**

JUL 2 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Thomas Abbenante, Esq.
1919 Pennsylvania Avenue, N.W.
#200
Washington, DC 20006-3404

Re: *United States v. Narase Bob Oudit*, 06-048 (PLF)

Dear Mr. Abbenante:

This letter sets forth the full and complete plea offer to your client, Mr. Narase Bob Oudit. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This plea offer will expire on July 24, 2006. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1. **Charges:** Mr. Oudit agrees to plead guilty to Count Six of the Indictment, which charges Mr. Oudit with Bribery, in violation of 18 U.S.C. § 201(b)(2)(A). It is understood that the guilty plea will be based on a factual admission of guilt to be made before the Court by Mr. Oudit and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Mr. Oudit agrees that the attached "Statement of the Offenses" fairly and accurately describes Mr. Oudit's actions and involvement in the offenses. Mr. Oudit agrees to adopt and sign the Statement of the Offenses as a written proffer of evidence.

2. **Potential penalties, assessments, and restitution**: Mr. Oudit understands that the maximum sentence that can be imposed for a violation of 18 U.S.C. § 201(b)(2)(A) is fifteen years of imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Mr. Oudit understands that the sentence to be imposed in this case will be determined by the court, guided by the factors enumerated in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Guidelines Commission, <u>Guidelines Manual</u> (2002) (hereinafter "Sentencing Guidelines"). Mr. Oudit understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations or predictions regarding what sentence the Court will impose. Mr. Oudit further understands that if the Court imposes a sentence that is in any way unsatisfactory to him, he cannot withdraw his guilty plea. This does not, however, limit Mr. Oudit's right to appeal an unlawful or unreasonable sentence or to appeal the district court's application of the Sentencing

Guidelines.

### 3. Federal Sentencing Guidelines:

A) Mr. Oudit is pleading guilty to Count Six, which, as outlined in the Indictment, relates to Contractor A. Mr. Oudit agrees that his conduct with respect to Contractor B and Contractor C, as described in the Statement of Offenses, is relevant conduct under Section 1B1.3 of the Sentencing Guidelines, and should therefore be included in the calculation of the applicable sentencing guidelines range.

B) The parties agree that the following Guideline Sections apply:

| | | |
|---|---|---|
| 2C1.1(a) | Base offense level | 10 |
| 2C1.1(b)(1) | More than one bribe | 2 |
| 2C1.1(b)(2)(A) | Value of bribes demanded totaling $200,000-$400,000 | 12 |

B) The parties agree that no other offense characteristics, cross references, or adjustments for role in the offense apply.

C) The parties agree that the applicability of a three-point downward adjustment for acceptance of responsibility is governed by Paragraph 9 of this agreement.

D) Mr. Oudit reserves the right to argue for a sentence outside of the applicable guidelines range, pursuant to 18 U.S.C. § 3553(a). The government reserves the right to oppose Mr. Oudit's argument.

In the event this plea offer is not accepted, or is accepted and subsequently withdrawn or rejected by the Court, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4. **Financial Arrangements**: Mr. Oudit agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court, a certified check in the amount of $100.00, to cover the special assessments, as required in Title 18, United States Code, Section 3013. Mr. Oudit also agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

5. **Waiver of Rights**: Federal Rule of Criminal Procedure 11(e)(6) and Federal Rule of Evidence 410 limit the admissibility of statements made in the course of plea proceedings or plea discussions in both civil and criminal proceedings, if the guilty plea is later withdrawn. Mr. Oudit expressly warrants that he has discussed these rules with his counsel and understands them. Mr. Oudit voluntarily waives and gives up the rights enumerated in Federal Rule of Criminal Procedure

11(e)(6) and Federal Rule of Evidence 410. Mr. Oudit understands and agrees that any statements that he makes in the course of his guilty plea or in connection with this plea agreement are admissible against him for any purpose in any criminal or civil proceeding, if the guilty plea is subsequently withdrawn.

      6. **Reservation of Allocution:** The United States agrees not to oppose a sentence at the low end of the applicable Guidelines range. In all other respects, the government reserves its full right of allocution for purposes of sentencing and post-sentencing in this matter, including the right to set forth at sentencing and any proceeding(s) before the Bureau of Prisons all of its evidence with respect to Mr. Oudit's criminal activities. In addition, Mr. Oudit acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

      7. The United States reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement.

      8. If in this plea agreement the Government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the Government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

      9. **Government Concessions:** In exchange for his guilty plea, the government agrees not to oppose Mr. Oudit's release pending sentencing, agrees not to oppose a three-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, agrees not to oppose Mr. Oudit's voluntary surrender to commence serving any sentence which is imposed, provided that Mr. Oudit continues to show his acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court. Also, subject to other paragraphs in this agreement, the United States will move to dismiss Counts 1-5, 7-10 of the Indictment at the time of sentencing and will not bring any additional criminal charges against Mr. Oudit in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the conduct outlined in the attached Statement of Offense. This agreement not to prosecute Mr. Oudit does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. §16 and D.C. § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Mr. Oudit.

      10. **Court is not bound:** Mr. Oudit understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding his bond status or detention will be made by the Court at the time of his plea of guilty. The Court's

decision in these regards are not grounds for withdrawal from this agreement.

11. **Breach of Agreement**: Mr. Oudit agrees that if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mr. Oudit's release (for example, should Mr. Oudit commit any conduct after the date of this agreement that would form the basis for an increase in his offense level or justify an upward departure - examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Mr. Oudit will not have the right to withdraw the guilty plea; (c) Mr. Oudit shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against Mr. Oudit, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this agreement. Any such prosecutions of the defendant not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the running of the applicable statute of limitations before the commencement of such prosecutions. Mr. Oudit knowingly and voluntarily agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

12. **USAO's Criminal Division Bound**: Mr. Oudit understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Oudit.

13. **Complete Agreement**:  No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Oudit, Mr. Oudit's counsel, and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mr. Oudit may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Mr. Oudit and his counsel.

Sincerely yours,

Kenneth L. Wainstein
United States Attorney

By: Howard R. Sklamberg
Howard R. Sklamberg
Assistant United States Attorney

I have read this plea agreement and have discussed it with my attorney, Thomas Abbenante, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 7/28/06

Narase Bob Oudit
Defendant

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: July 26, 2006

Thomas Abbenante, Esq.
Attorney for the Defendant

5