IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Case No. CR-06-  -48-001(PLF) |
| | * | |
| NARASE BOB OUDIT | * | |
| | * | |
| | **** | |

## DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS

Pursuant to 18 U.S.C. § 3553(a) and Rule 32 of the Federal Rules of Criminal Procedure, the Defendant, Narase Bob Oudit ("Mr. Oudit" or "the Defendant"), by and through counsel, submits the following Position With Respect to Sentencing Factors.

On July 7, 2005, Mr. Oudit pleaded guilty before this Court to Count 6 of the Indictment charging him with Receipt of a Bribe by a Public Official, in violation of 18 U.S.C. § 201(b)(2)(A). He has no factual objections to the Presentence Report ("PSR"). He agrees with the Probation Officer's calculation of the Total Offense Level of 21, Criminal History Category I, which results in an advisory Guidelines sentencing range of 37-46 months.

Mr. Oudit respectfully submits that a sentence of probation is "sufficient, but not greater than necessary" to comply with the factors set out in 18 U.S.C. § 3553(a). United States v. Booker, 125 S. Ct. 738 (2005). Under all the circumstances, a sentence other than imprisonment would provide just punishment, adequate deterrence, protect the public and provide rehabilitation for the defendant.

### SENTENCING AFTER BOOKER

On January 12, when the Supreme Court handed down United States v. Booker, 125 S.Ct.

738 (2005), the federal Sentencing Guidelines ceased to be mandatory, becoming one of several factors to be considered under 18 U.S.C. § 3553(a); see United States v. Hughes, 396 F.3d 374, 378-79 (4th Cir. 2005) ("[A] district court shall first calculate . . . the range prescribed by the guidelines. Then the court shall consider that range as well as other relevant factors set forth in § 3553(a) before imposing the sentence."). Under § 3553(a), courts must consider: (a) the nature and circumstances of the offense and the history and characteristics of the defendant; (b) the kinds of sentences available; (c) the Guideline range; (d) the need to avoid unwanted sentencing disparities; (e) the need for restitution; (f) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law and provide just punishment for the offense, to afford adequate deterrence, to protect the public from future crimes, and to provide the defendant with reasonable rehabilitative opportunities. See also United States v. Biheiri, 356 F. Supp. 2d 589, 593-594 (E.D. Va. 2005) (Ellis, J.).

I.  **Mr. Oudit's History and Characteristics, his medical condition and his family circumstances Warrant A Sentence Other than Incarceration**

   A.  **Mr. Oudit, prior to this episode in his life, was a Law-Abiding, Family Man with No Prior Involvement with the Criminal Justice System, Whose Wife and Two Young Children Depend on Him for Emotional and Financial Support**

Mr. Oudit, a fifty-one year old American citizen, is the married father of two young children, aged 10 and aged 7. He has had some advanced education and he has specialized training in multiple disciplines in the construction and computer fields as reported in the Presentence Report.. His employment history reflects that he worked consistently during his adult life. PSR at ¶¶ 66-68.

Mr. Oudit has lived and worked in the Washington metropolitan area since 1985. In

1985, he married his wife, Teisa Oudit. Mr. Oudit became a naturalized American citizen in June of 2003.

Since he was charged in this case, Mr. Oudit has been doing some free lancing work. The family has survived financially from these earnings and family savings and help from their families and the monthly rent obtained from the basement apartment in their home. Their expenses have exceeded their income and the family savings and help from their families cannot continue indefinitely. Mr. Oudit has a very close and nurturing relationship with his two young children, is involved in their school activities and in their lives. The children will suffer great psychological damage if their father is imprisoned and if he is not able to be employed and help support the family.

### B. Mr. Oudit's Medical condition warrants a sentence below the applicable Guideline Range

Mr. Oudit has a host of severe medical problems that have been set forth in the Presentence Investigation Report. Also attached to this memorandum is a letter from his physician, Hector K. Collison, M.D. which sets forth his present medical conditions and a recommendation.

### II.    The Purposes of Sentencing Set out in 18 U.S.C. § 3553(a)(2)

The Court must consider the factors set out in § 3553(a) and impose a sentence that is "sufficient, but not greater than necessary" to comply with four stated purposes of sentence – just punishment, deterrence, protection of the public, and the rehabilitative needs of the defendant. In this case, given the mitigating factors about his family situation and his medical condition including that Mr. Oudit is a first offender, unlikely to recidivate, a sentence that does not

include incarceration will meet these requirements.

### III.     The Kinds of Sentences Available

Section 1960, which carries a statutory maximum term of fifteen years imprisonment is a Class C felony and includes no mandatory term of imprisonment. See 18 U.S.C. § 3559(a)(4). This Court is therefore free to impose a sentence of probation or one that does not include incarceration. See 18 U.S.C. § 3561 (prohibiting probation only if the offense is a Class A or Class B felony or other limited circumstances not present in this case). Indeed, in listing the duties of the United States Sentencing Commission, Congress directed the Commission "to insure that the guidelines reflect the general appropriateness of imposing a sentence other than imprisonment in cases in which the defendant is a first offender who has not been convicted of a crime of violence or an otherwise serious offense." 28 U.S.C. § 994(j) (listing duties of the US Sentencing Commission).

Moreover, the limitations imposed by the Zones in U.S.S.G. § 5C1.1 no longer limit the Court's discretion to substitute a longer period of home detention or community confinement for incarceration or to sentence a defendant to a split sentence or straight probation when, as here, the circumstances warrant it.

## CONCLUSION

For all the reasons stated, this Honorable Court should depart down from the guideline range in consideration of the family circumstances and his medial condition and his otherwise exemplary life. What has occurred to Mr. Oudit's life is truly a nightmarish situation. From a

life of impeccable compliance with the law and extraordinary efforts to improve his lot and that of his wife and children, he finds himself on the precipice of jail, a convicted felon, deprived of his right to vote or fully participate in the civil rights of his adopted land.

A sentence of probation, even one where the Court were to impose strict conditions is sufficient, but not greater than necessary to provide just punishment, protect the public, provide deterrence and provide rehabilitation to Mr. Oudit and his family as required by 18 U.S.C. § 3553(a). Most importantly, it is a just sentence in the best tradition of the federal courts and accounts for the unique failings of human beings that, in the words of Justice Kennedy in <u>Koon v United States</u>, "sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."

> Respectfully submitted,
>
> _____
> Thomas Abbenante, Esquire
> 1919 Pennsylvania Avenue, NW
> Washington, DC 20006
> (202) 223-6539
> Counsel for Narase Bob Oudit

### Certificate of Service

I hereby certify that a true and exact copy of the foregoing was sent via facsimile on this the 3rd day of January, 2007

Howard Sklamberg, Esquire
Assistant United States Attorney
555 4th Street NW
Washington, DC 20001

_____
Thomas Abbenante, Esquire